ROBINOWITZ *v.* DIRECTOR OF DEPARTMENT OF CONSERVATION.

1. Fish—Pike-Perch—Lake Erie—Resale.

The sale of pike-perch 13 to 15½ inches long, taken from Lake Erie but offered for sale elsewhere than at docks along that lake is expressly forbidden by statute irrespective of whether the ultimate purchaser buys them for consumption or resale in this State or for transportation to some point outside of the State (1 Comp. Laws 1929, § 6320, as amended by Act No. 323, Pub. Acts 1945).

2. Costs—Public Question—Construction of Commercial Fishing Law.

No costs are allowed in suit involving a construction of the commercial fishing law, a public question being involved (1 Comp. Laws 1929, § 6320, as amended by Act No. 323, Pub. Acts 1945).

Appeal from Wayne; Brennan (John V.), J. Submitted May 27, 1948. (Docket No. 87, Calendar No. 43,715.) Decided June 29, 1948.

Bill by Jacob Robinowitz and others, doing business as American Fish Company, against Percy J.

---

References for Points in Headnotes ·

[1] 22 Am. Jur., Fish and Fisheries, § 49.
[2] 14 Am. Jur., Costs, § 34.

Hoffmaster, director of the Department of Conservation of the State of Michigan, and others to have act relating to size of pike-perch that may be sold held unconstitutional. Bill dismissed. Plaintiffs appeal. Affirmed.

*Harry H. Wachs,* for plaintiffs.

*Eugene F. Black,* Attorney General, *Edmund E. Shepherd,* Solicitor General, *Ben H. Cole* and *Leonard Meldman,* Assistants Attorney General, and *Nicholas V. Olds,* Special Assistant Attorney General, for the defendants.

BUTZEL, J. Plaintiffs, who are engaged in the business of selling fish at wholesale both within and without the territorial limits of the State of Michigan, filed a bill of complaint against the director of the department of conservation of the State of Michigan and also against the chief of field administration of the department, defendants herein. Act No. 84, § 14, Pub. Acts 1929 (2 Comp. Laws 1929, § 6320), as amended by Act No. 323, Pub. Acts 1945 (Comp. Laws Supp. 1945, § 6320, Stat. Ann. 1946 Cum. Supp. § 13.1505), provides as follows:

"It shall be unlawful to market, have in possession, transport or offer for sale * * * (i) pike-perch (yellow pickerel), of a less length than 15½ inches * * * Provided, That pike-perch (yellow pickerel) not less than 13 inches in length may be taken from Lake Erie: Provided further, That pike-perch (yellow pickerel) not less than 13 inches in length taken from the waters of Lake Erie may be sold or offered for sale at a dock or docks along Lake Erie: Provided further, That any such pike-perch (yellow pickerel) of a length less than 15½ inches shall not be otherwise offered for sale, bartered or sold within the limits of the State."

Plaintiffs allege that the fish kept on hand by them for the purpose of resale are pike-perch (yellow pickerel) less than 15½ inches but not less than 13 inches in length, that they were lawfully taken from the waters of Lake Erie and/or from persons who kept or procured such fish from the waters of Lake Erie; that defendants charge plaintiffs with violation of Act No. 84, § 14, Pub. Acts 1929 (2 Comp. Laws 1929, § 6320), as amended by Act No. 323, Pub. Acts 1945 (Comp. Laws Supp. 1945, § 6320, Stat. Ann. 1946 Cum. Supp. § 13.1505), in offering for sale such fish and threaten to seize and confiscate all such fish in plaintiffs' place of business whether held for resale within or without the State of Michigan, including such fish sold by plaintiffs to retail fish stores in the city of Detroit. Plaintiffs also sought an injunction to restrain such action on the part of defendants, and asked that Act No. 84, *supra,* be declared unconstitutional. Defendants filed a written motion to dismiss the bill of complaint and an order of dismissal was entered by the trial court which held the act constitutional and upheld defendants' right and authority to seize and confiscate such fish.

Very similar questions, raised by plaintiffs herein, were presented in the case of *People* v. *Zimberg, ante,* 655, and were discussed in the opinion filed June 14, 1948, wherein we held that the law was constitutional in every respect. We affirmed the convictions. It would serve no useful purpose to repeat what was said in the opinions.

In the instant case particular stress also is placed on the fact that the fish may be purchased by customers who will take them out of the State of Michigan to places where the resale of such fish is not forbidden. It should be borne in mind, however, that in the instant case the fish are being offered for sale in plaintiffs' place of business in the State of Michigan, which place of business may fairly be inferred not

to be "at a dock or docks along Lake Erie." Such inference is justified by the statement in appellants' brief "the legislature may not limit the sale of such fish to the docks along Lake Erie and may not prohibit the *resale* of such fish within the State of Michigan when they have been purchased at the docks along Lake Erie." Such sale, except at a dock or docks along Lake Erie, of pike-perch (yellow pickerel) not less than 13 but under $15\frac{1}{2}$ inches in length taken from Lake Erie is expressly forbidden, irrespective of whether the ultimate purchaser buys them for consumption or resale in the State of Michigan, or for transportation from plaintiffs' salesroom to some point outside of the State.

The trial judge entered an order dismissing plaintiffs' bill of complaint and such order is affirmed. A public question being involved, no costs are allowed.

BUSHNELL, C. J., and SHARPE, BOYLES, REID, NORTH, and CARR, JJ., concurred.

DETHMERS, J., took no part in the decision of this case.